FILED

AUG 26 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JUDGE JOHNSTON
MAGISTRATE JUDGE MICHAEL F IASPARRO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> vs. ) <br> ) <br> DAVID J. LITTLEJOHN, and ) <br> ALEXIS P. STONEMAN ) <br> ) <br> ) | No. 25 CR 50047 <br><br> Violations: Title 18, United States Code, Sections 371 and 1791(a)(2) |

## COUNT ONE

The SPECIAL JULY 2025 GRAND JURY charges:

1. At times material to this indictment:

    a. DAVID J. LITTLEJOHN was a federal inmate at the Winnebago County Jail, a jail facility in Rockford, Illinois, in which persons were held in custody pursuant to a contract and agreement with the Attorney General of the United States;

    b. Cash App is a digital wallet application that allows users to send and receive money.

2. From in or about May 2023 to in or about March 2024, at the Winnebago County Jail, in the Northern District of Illinois, Western Division, and elsewhere,

DAVID J. LITTLEJOHN, and
ALEXIS P. STONEMAN,

defendants herein, did conspire with each other, STACEY E. LINDSAY, and others, to commit an offense against the United States, namely to provide to an inmate of a prison a prohibited object, namely Buprenorphine, a Schedule III Controlled Substance and a narcotic drug, in violation of Title 18, United States Code, Section

1791(a)(1) and to obtain and possess, as an inmate of a prison, a prohibited object, namely Buprenorphine, a Schedule III Controlled Substance and a narcotic drug, in violation of Title 18, United States Code, Section 1791(a)(2).

3. It was part of the conspiracy that DAVID J. LITTLEJOHN instructed STACEY E. LINDSAY to hide the Buprenorphine in legal mail to send to DAVID J. LITTLEJOHN at the Winnebago County Jail.

4. It was further part of the conspiracy that ALEXIS P. STONEMAN mailed Buprenorphine to STACEY E. LINDSAY, so that STACEY E. LINDSAY would hide the Buprenorphine in legal mail to send to DAVID J. LITTLEJOHN at the Winnebago County Jail.

5. It was further part of the conspiracy that DAVID J. LITTLEJOHN instructed STACEY E. LINDSAY to contact other individuals for Buprenorphine, so that STACEY E. LINDSAY would send more Buprenorphine hidden in legal mail to DAVID J. LITTLEJOHN at the Winnebago County Jail.

6. It was further part of the conspiracy that DAVID J. LITTLEJOHN instructed STACEY E. LINDSAY to pay suppliers of Buprenorphine, such as ALEXIS P. STONEMAN

7. It was further part of the conspiracy that DAVID J. LITTLEJOHN sold Buprenorphine to other inmates at the Winnebago County Jail.

8. It was further part of the conspiracy that defendants did conceal and hide, and cause to be concealed and hidden, the purposes of acts done in furtherance of the conspiracy.

## Overt Acts

9. In furtherance of the conspiracy and to accomplish the objectives of the conspiracy, defendants committed one or more overt acts in the Northern District of Illinois, Western Division, and elsewhere, which overt acts included but were not limited to the following:

   a. DAVID J. LITTLEJOHN instructed STACEY E. LINDSAY to mail Buprenorphine hidden in legal mail to DAVID J. LITTLEJOHN at the Winnebago County Jail.

   b. On or about August 15, 2023, ALEXIS P. STONEMAN mailed a package containing Buprenorphine to STACEY E. LINDSAY, so that STACEY E. LINDSAY would hide the Buprenorphine in legal mail to send to DAVID J. LITTLEJOHN at the Winnebago County Jail.

   c. On or about August 16, 2023, ALEXIS P. STONEMAN mailed a package containing Buprenorphine to STACEY E. LINDSAY, so that STACEY E. LINDSAY would hide the Buprenorphine in legal mail to send to DAVID J. LITTLEJOHN at the Winnebago County Jail.

   d. On or about August 19, 2023, DAVID J. LITTLEJOHN called and instructed STACEY E. LINDSAY to send $340 via Cash App to ALEXIS P. STONEMAN in exchange for the Buprenorphine that ALEXIS P. STONEMAN mailed to STACEY E. LINDSAY on or about August 15, 2023 and on or about August 16, 2023.

   e. On or about September 1, 2023, STACEY E. LINDSAY sent Buprenorphine hidden in legal mail to DAVID J. LITTLEJOHN at the Winnebago County Jail.

   f. In or about October 2023, STACEY E. LINDSAY sent Buprenorphine hidden in legal mail to DAVID J. LITTLEJOHN at the Winnebago County Jail.

   g. DAVID J. LITTLEJOHN instructed STACEY E. LINDSAY to contact other individuals to obtain more Buprenorphine, so that STACEY E. LINDSAY would hide the Buprenorphine in legal mail to send to DAVID J. LITTLEJOHN at the Winnebago County Jail.

 All in violation of Title 18, United State Code, Section 371.

## COUNT TWO

The SPECIAL JULY 2025 GRAND JURY further charges:

1. At times material to this indictment:

   a. DAVID J. LITTLEJOHN was a federal inmate at the Winnebago County Jail, a jail facility in Rockford, Illinois, in which persons were held in custody pursuant to a contract and agreement with the Attorney General of the United States;

2. In or about August 2023, in the Northern District of Illinois, Western Division, at the Winnebago County Jail, a place within the special territorial jurisdiction of the United States,

DAVID J. LITTLEJOHN,

defendant herein, did knowingly attempt to obtain a prohibited object, namely, Buprenorphine, a Schedule III Controlled Substance and a narcotic drug;

In violation of Title 18, United States Code, Sections 1791(a)(2), (b)(1), and (d)(1)(C).

## COUNT THREE

The SPECIAL JULY 2025 GRAND JURY further charges:

1. At times material to this indictment:

   a. DAVID J. LITTLEJOHN was a federal inmate at the Winnebago County Jail, a jail facility in Rockford, Illinois, in which persons were held in custody pursuant to a contract and agreement with the Attorney General of the United States;

2. In or about October 2023, in the Northern District of Illinois, Western Division, at the Winnebago County Jail, a place within the special territorial jurisdiction of the United States,

DAVID J. LITTLEJOHN,

defendant herein, did knowingly attempt to obtain a prohibited object, namely, Buprenorphine, a Schedule III Controlled Substance and a narcotic drug;

In violation of Title 18, United States Code, Sections 1791(a)(2), (b)(1), and (d)(1)(C).

A TRUE BILL:

FOREPERSON

Andrew S. Boutros by Jessica Moran
UNITED STATES ATTORNEY

6